Amy M. Samberg, NV Bar No. 10212
Casey G. Perkins, NV Bar No. 12063
FORAN GLENNON PALANDECH PONZI &
RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052
Telephone: 702-827-1510
Facsimile: 312-863-5099
Email: asamberg@fgppr.com
cperkins@fgppr.com

Gregory J. Kerwin, NV Bar No. 12417
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: 303-298-5739
Facsimile: 303-313-2829
Email: GKerwin@gibsondunn.com

Attorneys for Defendant Liberty Mutual Fire
Insurance Company

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ETHAN VOLUNGIS, an individual, FAROOQ ABDULLA, an individual, and NIGHAT ABDULLA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin Corporation, DOES I through X, inclusive, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-02247-JCM-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(First Request)** |

Under District of Nevada LR 26-4 and LR IA 6-1, Plaintiffs Ethan Volungis and Farooq and Nighat Abdulla, and Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), by and through their respective counsel, hereby request that certain remaining discovery deadlines be extended by ninety (90) days based on the schedule set forth in Section D below. This is the parties' first request to extend the deadlines that were set in the Discovery Plan and Scheduling Order, which the Court approved on December 4, 2017 (ECF 18).

This request is filed more than 21 days before the expiration of the deadlines for which an extension is requested. For the reasons explained in Section C below including some delay with the parties' counsel reaching agreement on the terms for a stipulated protective order to protect privileged communications relating to the Thorndal firm-Abdulla/Liberty Mutual attorney-client relationship, there is good cause to extend the remaining discovery deadlines by 90 days.

The parties provide the following information under LR 26-4(a)-(d):

**A.  Discovery Completed.**

**Plaintiffs' summary:**

Plaintiffs served their initial Fed. R. Civ. P. 26(a)(1) disclosures on February 23, 2018 and produced a CD with approximately 2,167 pages of documents (marked PLTF-00001 to -002167). Plaintiffs served an amended Rule 26(a)(1) initial disclosure on March 24, 2018 and produced an additional 92 pages of documents (PLTF-002168 to -002260).

**Liberty Mutual's summary:**

Liberty Mutual served its initial Fed. R. Civ. P. 26(a)(1) disclosures on January 5, 2018 along with a certified copy of the relevant Abdulla insurance policy (37 pages) (marked LM-Abdulla-InsPolicy 000001 to -000037). In its Rule 26(a)(1) disclosure, Liberty Mutual agreed to produce to Plaintiffs' counsel its claim file documents, which include privileged communications between Dr. Abdulla's defense counsel at the Thorndal firm and either Dr. Abdulla or Liberty Mutual representatives, once a stipulated protective order is entered to prevent disclosure of privileged documents in public court filings and to non-parties to this lawsuit.

The parties' counsel have been negotiating the terms for such a stipulated protective order and reached agreement on an agreed order on April 17, 2018. Through that order, Liberty Mutual seeks to

protect against any privilege waiver for documents disclosing privileged attorney-client communications between Dr. Abdulla and his defense counsel, including privileged documents that Plaintiffs have obtained from Dr. Abdulla's defense counsel at the Thorndal firm, through the independent counsel Dr. Abdulla hired, Steve Parsons. Once a suitable protective order is entered to prevent any privilege waiver for strangers to the attorney-client relationship, Liberty Mutual will immediately produce the claim file documents identified in its Rule 26(a)(1) disclosures, comprising more than 4,000 pages, which contain extensive information about privileged communications between Dr. Abdulla and his defense counsel.

In addition, on November 20, 2017, Liberty Mutual filed a motion to stay all proceedings in this case pending resolution of the underlying appeal to the Nevada Supreme Court of the Volungis personal injury judgment against Dr. Abdulla (ECF 15). That motion to stay is fully briefed and pending.

**B.    Discovery That Remains to Be Completed.**

The parties currently plan to complete the following remaining discovery work:

**For Plaintiffs**:

1.    Plaintiffs will review Liberty Mutual's production of claim file documents and may seek the production of additional documents from Liberty Mutual and third-parties.

2.    Plaintiffs expect to take depositions of at least the following fact witnesses disclosed in the parties' initial disclosures: Victoria Kempczenski, Amy Elwood, Brent Brown, Lauren Bryson, Loren Jacobson, Dennis Hilleren, Wendy Tantlinger, Scott Vos, Rachel Zeroulias, and any other Liberty Mutual employee who was actively involved in the Volungis claim; Craig Delk and Meghan Goodwin.

3.    Plaintiffs will also propound written discovery related to the claims and defenses in this matter.

4.    Plaintiffs will disclose a retained expert on insurance claim handling, and serve a report disclosing that expert's opinions. Plaintiffs may disclose a rebuttal expert and rebuttal report, and may take a deposition of Liberty Mutual's retained expert.

**For Liberty Mutual**:

1. Liberty Mutual is reviewing Plaintiffs' production of documents to date, and may seek the production of additional documents from Plaintiffs, their counsel, and third-parties.

2. Liberty Mutual expects to take depositions of at least the following fact witnesses disclosed in the parties' initial disclosures: Dr. Farooq Abdulla, Nighat Abdulla, Garnet E. Beal, Chad Golightly, Nagoya Johnson, Steve Parsons, Dennis Prince.

3. Liberty Mutual may propound written discovery related to the claims and defenses in this matter.

4. Liberty Mutual will disclose a retained expert on insurance claim handling, and serve a report disclosing that expert's opinions. Liberty Mutual may disclose a rebuttal expert and rebuttal report, and may take a deposition of Plaintiffs' retained expert.

**C.  Reasons Why Remaining Discovery Is Not Completed.**

As noted in Section A above, the parties' counsel have been exchanging drafts of a stipulated protective order to prevent any privilege waiver for Abdulla defense counsel communications as to strangers to the Thorndal firm/Abdulla-Liberty Mutual attorney-client relationship. On April 17, 2018, the parties reached agreement on such an order and are submitting it to the Court for approval. The agreed protective order will allow Plaintiffs' counsel and Defendant's counsel, and their clients, to obtain and use during discovery communications between Dr. Abdulla's defense counsel at the Thorndal firm, and their co-clients: Dr. Abdulla and Liberty Mutual.

Once the Court enters that stipulated protective order, Liberty Mutual can move forward with production to Plaintiffs of its claim file documents, which include privileged communications with Dr. Abdulla's defense counsel, and the remaining discovery noted above can proceed.

In addition, Liberty Mutual's counsel has been conserving resources waiting for the Court to rule on its pending motion to stay all the proceedings in this case, hoping to avoid unnecessary discovery expense for claims that may be mooted by the outcome of the pending Nevada Supreme Court appeal of the underlying Volungis personal injury judgment. Liberty Mutual is requesting the instant 90-day extensions of time nearly three months in advance of the current July 10, 2018 discovery cutoff date to allow the Court additional time to rule on that motion to stay proceedings.

**D. Proposed Schedule for Completing Remaining Discovery.**

The deadlines listed below would be extended by 90 days under the parties' request in this Stipulation.

| Task | Current Deadline | New Deadline |
|---|---|---|
| Serve Initial Disclosures Under Rule 26(a)(1) | Completed | No change |
| Amending the Pleadings and Adding Parties | Wed., April 11, 2018 | Deadline has passed: no change requested.[1] |
| Rule 26(a)(2) Disclosure of Experts' reports | Fri., May 11, 2018 | Thurs., August 9, 2018 |
| Interim Status Report | Fri., May 11, 2018 | Thurs., August 9, 2018 |
| Disclosure of Rebuttal Experts and reports | Mon., June 11, 2018 | Mon. September 10, 2018 |
| Close of Discovery | Tues., July 10, 2018 | Mon. October 8, 2018 |
| Dispositive Motions | Thurs., August 9, 2018 | Wed., November 7, 2018 |
| Joint Pre-Trial Order | Mon. September 10, 2018 | Mon. December 10, 2018 |

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

WHEREFORE, the parties respectfully request that the Court approve this Stipulation and extend the remaining discovery deadlines by 90 days, as outlined in Section D above.

Respectfully submitted: April 18, 2018.

| | |
|---|---|
| EGLET PRINCE | FORAN GLENNON PALANDECH PONZI & RUDLOFF, PC |
| *s/ Dennis M. Prince* | *s/ Amy M. Samberg* |
| DENNIS M. PRINCE, ESQ. Nevada Bar No. 5092 ERICA D. ENTSMINGER, ESQ. Nevada Bar No. 7432 | AMY M. SAMBERG, ESQ. Nevada Bar No. 10212 1 East Washington Street, Suite 500 Phoenix, AZ 85004 |
| 400 S. 7th Street, 4th Floor Las Vegas, NV 89101 | CASEY G. PERKINS, ESQ. Nevada Bar No. 12063 2200 Paseo Verde Parkway, Suite 280 Henderson, NV 89052 |
| *Attorneys for Plaintiffs* | |

---

[1] Liberty Mutual's motion to dismiss Plaintiffs' Complaint under Rule 12(b)(6) (ECF 5) is pending. If the Court denies that motion, Liberty Mutual will file its Answer within the time allowed by Fed. R. Civ. P. 12(a)(4).

GIBSON, DUNN & CRUTCHER LLP

  *s/ Gregory J. Kerwin*
GREGORY J. KERWIN, ESQ.
Nevada Bar No. 12417
1801 California Street, Suite 4200
Denver, CO 80202-2642

*Attorneys for Defendant*
*Liberty Mutual Fire Insurance Company*

## ORDER

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: April <u>18</u>, 2018.

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | As an employee of Gibson, Dunn & Crutcher LLP, I certify that a copy of the foregoing |
| 3 | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** was served on |
| 4 | Plaintiffs' counsel on April 18, 2018 by the method indicated: |

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SERVICE:** submitted to the above-entitled Court for electronic service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Dated: April 18, 2018

　　　　　　　　　　　　　　　　　　*/s/ Loretta Howard*
　　　　　　　　　　　　　　　　　　An Employee of Gibson, Dunn & Crutcher LLP

102500804.5

Gibson, Dunn & Crutcher LLP

6