1  WALTER R. CANNON, Nevada Bar No. 1505
   wcannon@ocgas.com
2  OLSON CANNON GORMLEY & STOBERSKI
   9950 W. Cheyenne Avenue
3  Las Vegas, NV 89129
   Telephone: 702-384-4012
4  Facsimile: 702-383-0701

5  Gregory J. Kerwin, NV Bar No. 12417
   GIBSON, DUNN & CRUTCHER LLP
6  1801 California Street, Suite 4200
   Denver, CO 80202-2642
7  Telephone: 303-298-5739
   Fax:         303-313-2829
8  Email: GKerwin@gibsondunn.com

9  FRANK FALZETTA, (SBN 125146) (*Pro Hac Vice*)
   ffalzetta@sheppardmullin.com
10 JENNIFER M. HOFFMAN, (SBN 240600) (*Pro Hac Vice*)
   jhoffman@sheppardmullin.com
11 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   333 South Hope Street, 43rd Floor
12 Los Angeles, California 90071-1422
   Telephone: 213.620.1780
13 Facsimile: 213.620.1398

14 Attorneys for Defendant Liberty Mutual
   Fire Insurance Company
15

16              UNITED STATES DISTRICT COURT

17              DISTRICT OF NEVADA – LAS VEGAS

18

| | |
|---|---|
| 19  ETHAN VOLUNGIS, an individual; FAROOQ ABDULLA, an individual; 20  and NIGHAT ABDULLA, an individual, 21               Plaintiffs, 22       v. 23  LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Foreign 24  Corporation; DOES I through X, inclusive; and ROE BUSINESS 25  ENTITIES, I through X, inclusive, 26                Defendants. 27 | Case No. 2:17-cv-2247-JCM (VCF)  **STIPULATION AND [PROPOSED] ORDER TO EXTEND DEADLINES SET BY OCTOBER 6, 2020 SCHEDULING ORDER**  **(First Request)**  Trial Date:       N/A |

28

---

SMRH:4829-6107-5671.1                               -1-             Case No. 2:17-cv-2247-JCM (VCF)
                                                                 STIPULATION AND (PROPOSED) ORDER

Under District of Nevada LR 26-3 and LR IA 6-1, Plaintiffs Ethan Volungis and Farooq and Nighat Abdulla (collectively "Plaintiffs"), and Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), by and through their respective counsel, hereby request that all remaining discovery and pre-trial deadlines be extended by one hundred twenty (120) days based on the schedule set forth in Section D below. This is the parties' first request to extend the deadlines that were set in the Amended Stipulated Discovery Plan and Scheduling Order, which the Court approved on October 6, 2020 (ECF 74).

This request is filed more than 21 days before the expiration of the deadlines for which an extension is requested, except the deadline to file motions to amend the pleadings and to add parties. For the reasons explained in Section C below, there is good cause to extend all discovery and other pre-trial deadlines by 120 days.

The parties provide the following information under LR 26-3(a)-(d):

**A.   Discovery Completed.**

**Plaintiffs' summary:**

Plaintiffs served their initial Fed. R. Civ. P. 26(a)(1) disclosures on February 23, 2018 and produced a CD with approximately 2,167 pages of documents (marked PLTF-00001 to -002167). Plaintiffs served an amended Rule 26(a)(1) initial disclosure on March 24, 2018 and produced an additional 92 pages of documents (PLTF-002168 to -002260).

On April 25, 2018, plaintiff Farooq Abdulla served his First Set of Requests for Production with 40 categories of documents requested, and his First Set of Interrogatories. Liberty Mutual responded to Farooq Abdulla's first set of written discovery requests on May 25, 2018. Unsatisfied with Liberty Mutual's responses, plaintiff's counsel sent a lengthy meet and confer letter to Liberty Mutual's counsel on June 25, 2018. Following a meet and confer conference, Liberty Mutual responded on July 20, 2018. However, further meet and confer efforts were suspended upon the Court's July 23, 2018 dismissal of the case.

Since revival of the case, the parties have resumed meet and confer efforts and are continuing efforts to identify and produce additional responsive documents and to otherwise resolve outstanding issues relative to those discovery requests. To that end, Liberty Mutual has agreed to search for electronically stored information ("ESI") and to produce non-privileged responsive documents as it completes its ESI search over the next several weeks.

On October 14, 2020, Plaintiffs served their Second Request for Production of Documents. Liberty Mutual served its responses on November 19, 2020. The parties are now engaged in meet and confer efforts relating to Plaintiffs' Second Request for Production of Documents.

On October 19, 2020, Plaintiffs served their Third Supplement to Initial Disclosures.

On December 2, 2020, Plaintiffs served their Third Request for Production of Documents. Liberty Mutual served its responses on January 4, 2021.

On December 7, 2020, Plaintiffs served their Fourth Request for Production of Documents and Ethan Volungis' First Set of Interrogatories. Liberty Mutual has requested an extension to respond to these discovery requests to January 25, 2021.

On December 21, 2020, Plaintiffs served their Fourth Supplement to Initial Disclosures.

On January 4, 2021, Plaintiffs served their Fifth Request for Production of Documents and their Fifth Supplement to Initial Disclosures.

Plaintiffs took the first session of Liberty Mutual employee Amy Elwood's deposition on November 23, 2020. Plaintiffs vacated the second session of Ms. Elwood's deposition set for December 23, 2020, pending receipt of Liberty Mutual's supplemental production of documents.

Plaintiffs also noticed the deposition of former Liberty Mutual employee Victoria Kempczenski for December 10, 2020, but vacated that date pending receipt of Liberty Mutual's supplemental production of documents.

**Liberty Mutual's summary:**

Liberty Mutual served its initial Fed. R. Civ. P. 26(a)(1) disclosures on January 5, 2018 along with a certified copy of the relevant Abdulla insurance policy (37 pages) (marked LM-Abdulla-InsPolicy 000001-000037). In its Rule 26(a)(1) disclosure, Liberty Mutual agreed to produce to Plaintiffs' counsel its claim file documents, upon entry of a stipulated protective order. On May 3, 2018 Liberty Mutual produced non-privileged claim file documents (Nos. LM-Abdulla ClaimFile 000001 to 004111) and on December 15, 2020 produced supplemental claim file documents (Nos. LMCF 00001-LMCF00288). Liberty Mutual has also produced its underwriting file (Nos. LM-Abdulla-UnderwritingFile 000001-000042).

On December 2, 2020, Liberty Mutual served the following written discovery requests:

1. First Set of Requests for Admission to Plaintiff Ethan Volungis;
2. First Set of Requests for Admission to Plaintiff Farooq Abdulla;
3. First Set of Requests for Admission to Plaintiff Nighat Abdulla;
4. First Set of Requests for Production of Documents to Plaintiff Ethan Volungis;
5. First Set of Requests for Production of Documents to Plaintiff Farooq Abdulla;
6. First Set of Requests for Production of Documents to Plaintiff Nighat Abdulla;
7. First Set of Special Interrogatories to Plaintiff Ethan Volungis;
8. First Set of Special Interrogatories to Plaintiff Farooq Abdulla; and
9. First Set of Special Interrogatories to Plaintiff Nighat Abdulla.

Plaintiffs have requested an extension to January 19, 2021 to respond to Liberty Mutual's first set of written discovery requests.

Liberty Mutual has served Business Records Subpoenas to the following third parties:

1. Chad M. Golightly, Esq, Golightly & Associates;
2. Marjorie A. Guymon, Esq.;
3. U. S. Bank;
4. Bank of America, N.A.;
5. Merrill Lynch;
6. Marlene Rogoff;
7. Law Offices of P. Sterling Kerr;
8. The Nature Conservancy;
9. Tigges Construction Company; and
10. Steven J. Parsons, Esq., Law Offices of Steven J. Parsons.

**B.   Discovery That Remains to Be Completed.**

The parties currently plan to complete the following remaining discovery work:

**For Plaintiffs**:

1. Plaintiffs will review Liberty Mutual's continued production of claim file and other documents and may seek the production of additional documents from Liberty Mutual and third-parties.

2. Plaintiffs expect to take depositions of at least the following fact witnesses disclosed in the parties' initial disclosures: Victoria Kempczenski, Amy Elwood (continued), Brent Brown, Lauren Bryson, Loren Jacobson, Dennis Hilleren, Wendy Tantlinger, Scott Vos, Rachel Zeroulias, Philip Goodhart, John Thorndal, Craig Delk and Meghan Goodwin. Plaintiffs have noticed the deposition of Dennis Hilleren for January 15, 2021. Liberty Mutual is working with Plaintiffs to secure workable dates for the depositions of the other Liberty Mutual employees/former employees.

3. Plaintiffs may also propound additional written discovery related to the claims and defenses in this matter.

4. Plaintiffs will disclose a retained expert on insurance claim handling, and serve a report disclosing that expert's opinions. Plaintiffs may disclose a rebuttal expert and rebuttal report, and may take a deposition of Liberty Mutual's retained expert.

**For Liberty Mutual:**

1. Liberty Mutual will review Plaintiffs' responses to its written discovery requests and production of documents, and may seek the production of additional documents from Plaintiffs, their counsel, and third-parties.

2. Liberty Mutual has noticed the following depositions:

Nagoya Johnson – January 21, 2021

Chad Golightly – January 26, 2021

Garnet Beal – January 28, 2021

Steve Parsons –February 8, 2021 (recently postponed until late February or early March for medical reasons).

3. Liberty Mutual also expects to take depositions of at least the following additional fact witnesses disclosed in the parties' initial disclosures: Dr. Farooq Abdulla, Nighat Abdulla and Dennis Prince.

4. Liberty Mutual may propound additional written discovery related to the claims and defenses in this matter.

5. Liberty Mutual will disclose a retained expert on insurance claim handling, and serve a report disclosing that expert's opinions. Liberty Mutual may disclose a rebuttal expert and rebuttal report, and may take a deposition of Plaintiffs' retained expert.

**C.    Reasons Why Remaining Discovery Is Not Completed.**

This case was initially dismissed in 2018. The Ninth Circuit issued its opinion and remanded in mid-2020.

Following remand, Liberty Mutual associated in new counsel as its former lead counsel was preparing to retire. Liberty Mutual's new counsel diligently

worked to get up to speed, which took some time given that this case arose out of events occurring as early as 2013.

As noted in Section A above, the parties' counsel have been engaged in extensive good faith meet and confer efforts and continued efforts to search for and produce ESI and other documents requested before and after the dismissal and remand. Although Plaintiffs noticed the depositions of two Liberty Mutual employees and completed the first session of Ms. Elwood's deposition, Plaintiffs felt it necessary to postpone any further Liberty Mutual employee depositions until the issues relating to Liberty Mutual's production of ESI and other documents have been resolved.

The parties have worked cooperatively to schedule the numerous fact witness depositions, but have been hindered in those efforts as a result of many of the deponents' unavailability as a result of the holidays and for other personal reasons and/or medical conditions. Given the number of fact witness depositions yet to be scheduled and taken (at least 18) and the availability of the deponents, an additional 120 days is required to complete those depositions.

### D.    Proposed Schedule for Completing Remaining Discovery.

The deadlines listed below would be extended by 120 days under the parties' request in this Stipulation.

| Task | Current Deadline | New Deadline |
| --- | --- | --- |
| File Motions to Amend Pleadings/Add New Parties | January 19, 2021 | May 19, 2021 |
| Rule 26(a)(2) Disclosure of Experts' reports | February 18, 2021 | June 18, 2021 |
| Disclosure of Rebuttal Experts and reports | March 22, 2021 | July 20, 2021 |
| Close of Discovery | Aril 19, 2021 | August 17, 2021 |
| Dispositive Motions | May 19, 2021 | September 16, 2021 |
| Joint Pre-Trial Order | June 18, 2021 | October 15, 2021 |

However, the parties agree that, in the event dispositive motions are filed, the date for filing the Joint Pretrial Order would be suspended until thirty (30) days after the decision of the dispositive motions or further Order of the Court.

WHEREFORE, the parties respectfully request that the Court approve this Stipulation and extend all scheduling order deadlines by 120 days, as outlined in Section D above.

Respectfully submitted: January 19, 2021.

| **PRINCE LAW GROUP** | **SHEPPARD MULLIN RICHTER & HAMPTON, LLP** |
|---|---|
| /s/ Kevin T. Strong | /s/ Jennifer Hoffman |
| DENNIS M. PRINCE<br>Nevada Bar No. 5092<br>KEVIN T. STRONG<br>Nevada Bar No. 12107<br>10801 W. Charleston Boulevard<br>Suite 560<br>Las Vegas, Nevada 89135<br>Attorney for Plaintiffs<br>*Ethan Volungis, Farooq Abdulla, and Nighat Abdulla* | FRANK FALZETTA (*Pro Hac Vice*)<br>JENNIFER HOFFMAN (*Pro Hac Vice*)<br>333 South Hope Street, 43rd Floor<br>Los Angeles, California 90071<br>-AND-<br>WALTER R. CANNON<br>Nevada Bar No. 1505<br>OLSON CANNON GORMLEY & STOBERSKI<br>9950 W. Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>-AND-<br>GREGORY J. KERWIN<br>Nevada Bar No. 12417<br>GIBSON, DUNN & CRUTCHER LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br><br>Attorneys for Defendant<br>*Liberty Mutual Fire Insurance Company* |

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge

Dated: 1-19-2021